IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAWANN S. HAYES,
ADC #062029                                                                                           PLAINTIFF

v.                                      5:07CV00256JLH/HDY

LARRY NORRIS, et al.                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff is an inmate confined at the Delta Regional Unit of the Arkansas Department of Correction (ADC), who has been granted in forma pauperis status in this action filed pursuant to 42 U.S.C. § 1983. According to plaintiff's complaint, his parole was revoked in June, 2007 without notice and the opportunity for a speedy hearing. Upon his return to the ADC, 455 days were added to his parole time, improperly extending his sentence and causing him to miss his transfer eligibility date. Plaintiff asks for monetary and injunctive relief.

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73

(1984). Furthermore, pro se complaints must be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and each allegation must be accepted as true. See Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983. Grady v. Wilken, 735 F.2d 303, 305 (8th Cir. 1984). A well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

The Court finds that this case falls within the context of Heck v. Humphrey, 114 S.Ct. 2364 (1994), where the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996). An action attacking the validity of one's parole calls into question the fact and duration of confinement, (see Lindsey v. Wells, 901 F.2d 96 (8th Cir. 1990)), and must be raised in a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, after exhaustion of state remedies. It does not appear from the record that plaintiff has exhausted his state remedies with respect to this attack on his confinement. Should he ultimately succeed in challenging the days added to his parole time, and his continued confinement through appropriate state procedures, he may re-file his complaint for damages. See Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995).

In addition, the Court finds that plaintiff's request for injunctive relief is a request for release or a shortening of the duration of his confinement, and therefore, the appropriate cause of action should be one for habeas corpus relief. See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991). In Offet v. Solem, 823 F.2d 1256 (8th Cir. 1987), the court held that state remedies must be exhausted when a federal

decision might indirectly lead to a change in the duration of confinement by requiring reconsideration of a prisoner's status.

The Court also notes that matters pertaining to the parole process are usually governed by state statute and therefore, are matters of state law, without questions of constitutional magnitude. In Wiggins v. Lockhart, 825 F.2d 1237 (8th Cir. 1987), the Court noted that the district court held, citing, Schwindling v. Smith, 777 F.2d 431, 432-22 (8th Cir. 1985), that the state courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined. Section 1983 specifically requires that a violation of a federally-protected right be alleged and demonstrated. However, in this case, plaintiff has not demonstrated a denial of a federally-protected right, given the fact that there is no constitutional or inherent right of a convicted person to parole.

IT IS, THEREFORE, RECOMMENDED that plaintiff's complaint against defendants be DISMISSED without prejudice to plaintiff's right to reassert his claim should the added time be invalidated by a state tribunal or federal court.[1]

IT IS SO ORDERED this __15__ day of October, 2007.

_____
United States Magistrate Judge

---

[1] The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."   See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).